UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

R & N CHECK CORP.,

      Plaintiff,

v.

BOTTOMLINE TECHNOLOGIES, INC.,

      Defendant

CIVIL ACTION NO. 13-cv-118

## NOTICE OF REMOVAL

Defendant Bottomline Technologies, Inc. ("Bottomline") pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1441, and 1446, hereby removes to the United States District Court for the District of New Hampshire the state action entitled, *R & N Check Corp. v. Bottomline Technologies, Inc.*, Case No. 218-2013-CV-00202, Rockingham Superior Court (the "State Court Action").

As grounds for removal, Bottomline states as follows:

### JURISDICTION AND VENUE

1.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and exclusive jurisdiction under 28 U.S.C. § 1338(a), and one which may be removed to this Court by Bottomline pursuant to the provisions of 28 U.S.C. § 1441(a), in that Plaintiff alleges a breach of contract action where Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law.

2.    The Complaint alleges a breach of contract action.  The contract at issue originates from a patent litigation settlement.  *See  R&N Check, Corp. v. Bottomline Tech., Inc.*,

No. 05-CV-4019-GPS (C.D. Cal.).  The parties now dispute what products are covered by the defined term "Covered Products" in the contract.  The contract, which is attached to Exhibit A, states in pertinent part:

> "Covered Product(s)" means (a) the version of BT's product known as Legal eXchange[TM] that is commercially available on the Effective Date, and (b) any other product owned or made available for use or license by BT or its Affiliates and designed to permit U.S. users to manage spending on legal services provided by outside U.S. law firms via an electronic data transfer system or any other process that is covered in whole or in part by U.S. Patent No. 6,622,128.  For the avoidance of doubt, Covered Products does *not* include any products or modules that utilize a process or processes outside the scope of and entirely different from the items set forth in (a) or (b) above, whether or not such products or modules are used in connection with the item set forth in (a) or (b) above.

3.      Resolution of the present alleged breach of contract action will require the Court to determine the scope of U.S. Patent No. 6,622,128.  *See, e.g.*, *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1372 (Fed. Cir. 2000) ("To show that Dray sold valves in contravention of U.S. Valves' exclusive rights to such sales, U.S. Valves must show that Dray sold valves that were covered by the licensed patents. . . . . Thus patent law is a necessary element of U.S. Valves' breach of contract action.  Therefore, this court reaches the same conclusion as its sister circuit and asserts jurisdiction.")

4.      Alternatively, this Court has original jurisdiction under 28 U.S.C. § 1332, and this action may be removed to this Court by Bottomline pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is between citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Upon information and belief, and as alleged by Plaintiff in its Complaint, Plaintiff was, at the time of the filing of this action, and still is, incorporated under the laws of the state of Nevada, and has its principal place of business in Kansas City, Missouri.

6.     Defendant Bottomline was, at the time of the filing of this action, and still is, incorporated under the laws of the state of Delaware, and has its principal place of business in New Hampshire.

7.     Accordingly, Plaintiff and Defendant are citizens of different states and complete diversity of citizenship exists.

8.     Based upon the allegations made by Plaintiff in its Complaint, and without admitting but expressly denying the validity of Plaintiff's cause of action, on information and belief the amount in controversy in this action exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

9.     The United States District Court for the District of New Hampshire includes the County in which the state court action is now pending.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 1446(a).

## GROUNDS AND TIMELINESS OF REMOVAL

10.     This action is removable to this United Stated District Court under 28 U.S.C. § 1441(a) and (b).

11.     The State Court Action being removed to this Court originated by way of the Complaint, which Plaintiff filed on or about February 12, 2013.

12.     On March 9, 2013, Bottomline learned that Plaintiff had filed the Complaint in the Rockingham Superior Court.  Bottomline first received a copy of the complaint on March 11,

2013.  A copy of the Complaint is attached as Exhibit A to this notice in accordance with 28 U.S.C. §1446(a).

13.     To date, Defendant has not been served with any process, pleadings, or orders in connection with the State Court Action.

14.     Accordingly, removal of this case by Bottomline is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of Bottomline's receipt of a copy of the Complaint, and it is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 28 U.S.C. § 1331 and exclusive jurisdiction under 28 U.S.C. § 1338(a).

15.     Alternatively, pursuant to 28 U.S.C. § 1441(b), removal of a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) is available if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

16.     The removal statute permits a resident defendant to remove a case to federal court prior to service on the defendant.  *See* 28 U.S.C § 1441(b); *Munchel v. Wyeth LLC*, No. 12-906-LPS, 2012 WL 4050072, at *4 (D. Del. Sept. 11, 2012) ("[N]othing in the statute limits the opportunity to remove only to non-forum defendants."); *Thomson v. Novartis Pharms. Corp.*, No. 06-6280 (JBS), 2007 WL 1521138, at *4 (D.N.J. May 22, 2007) ("[U]nder the plain reading of § 1441(b), removal was not prohibited because NPC (a resident of the forum state ) had not been served when it removed this case to this Court.").  *See also McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *Hutchins v. Bayer Corp.*, 2009 WL 192468 (D. Del. Jan.23, 2009); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003); *Ott v.*

*Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002); *Republic Western Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991).

17.     Accordingly, removal of this case by Bottomline is alternatively proper under 28 U.S.C. § 1441(b) because Bottomline has not been served with a summons and the Complaint.

18.     There are no documents to file with the Court pursuant to 28 U.S.C. § 1446(a) because, as stated in Paragraph 13, to date, Defendant has not been served with any process, pleadings, or orders in connection with the State Court Action.  For the Court's convenience, attached as Exhibit A is a courtesy copy of the complaint filed by Plaintiff in the State Court Action.

19.     Promptly after filing this Notice of Removal, Bottomline will serve a copy of it upon Plaintiff and file a copy with the clerk of the Rockingham Superior Court.  Pursuant to Federal Rule of Civil Procedure 5(d), attached hereto as Exhibit B is a copy of the notice that will be served upon Plaintiff and filed with the State Court.

20.     In accordance with Local Rule 81.1, Bottomline will file with this Court a certified or attested copy of the state court record within fourteen (14) days.

WHEREFORE, this action should be removed to the United States District Court for the District of New Hampshire.

Dated:  March 17, 2013                    Respectfully submitted,

                                          BOTTOMLINE TECHNOLOGIES, INC.

                                          By its counsel,


                                           /s/  Robert C. Kirsch
                                          Robert C. Kirsch (NH Bar # 1377)
                                          John J. Regan, *pro hac vice forthcoming*
                                          Christopher M. Straw, *pro hac vice forthcoming*
                                          Wilmer Cutler Pickering Hale And Dorr LLP
                                          60 State Street
                                          Boston, Massachusetts 02109
                                          Telephone:  (617) 526-6000
                                          Facsimile:  (617) 526-5000
                                          Email: rob.kirsch@wilmerhale.com
                                          john.regan@wilmerhale.com
                                          christopher.straw@wilmerhale.com

## <u>CERTIFICATE OF SERVICE</u>

I, Robert C. Kirsch, do hereby certify that a true copy of the above document was filed through the Court's ECF system on this 17th day of March, 2013.  I have caused a copy of the within Notice of Removal to be mailed by overnight mail on March 18, 2013 to:


Scott H. Harris, Esq.
McLane, Graf, Raulerson & Middleton, PA
900 Elm Street, P.O. Box 326,
Manchester, New Hampshire 03105

*Attorney for Plaintiff*


/s/      Robert C. Kirsch

Robert C. Kirsch