UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

R & N CHECK CORP.,                )
                                  )    CIVIL ACTION No. 13-cv-118-SM
    Plaintiff,                    )
                                  )
v.                                )
                                  )
BOTTOMLINE TECHNOLOGIES, INC.,    )
                                  )
    Defendant.                    )

## JOINT PROPOSED DISCOVERY PLAN

The parties, pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1, hereby submit the following Joint Proposed Discovery Plan.

1.     <u>Date/Place of Conference</u>: Counsel conferred by telephone on April 24, 2013, and by electronic mail on April 24 and 30, 2013, and during the week of May 7, 2013.

2.     <u>Counsel Present/Representing</u>: Scott H. Harris, for Plaintiff R & N Check Corp. ("R & N"); and John J. Regan and Christopher M. Straw for Defendant Bottomline Technologies, Inc. ("Bottomline").

### Case Summary

3.     <u>Theory of Liability</u>: Breach of contract.

4.     <u>Theory of Defense</u>: Bottomline is not in breach of its 2006 Patent Purchase and Settlement Agreement, which it entered into with a California-incorporated entity named "R & N Check Corp." that is not a party to this action. R & N's current interpretation of the Agreement is contrary to both the plain language of the agreement and the intent of the parties. Moreover, R & N has both waived and is estopped from asserting a breach of contract claim based on its current interpretation of the contract because this interpretation is contrary to the long-standing

interpretation applied by the parties over the course of the contract and in the course of contract negotiations.  Bottomline has made all required payments to date under the contract.

5. Damages:  R & N alleges that it is entitled to damages in excess of $2 million.

6. Demand:  Plaintiff has already made its demand.

7. Offer:  Defendant has already made its offer.

8. Jurisdictional Questions:  The parties dispute whether this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1441.  This dispute is the subject of R & N's pending Motion to Remand.

9. Questions of Law:  Contract interpretation.

10. Type of Trial:  Jury trial.

## DISCOVERY

11. Track Assignment:  Standard – 12 months.

12. Discovery Needed:  To the extent the contract can be construed as ambiguous, the parties will seek discovery related to contract formation.  Defendant will also seek discovery into whether Plaintiff is the real party in interest to the Agreement.

13. Mandatory Disclosures:  The parties will exchange Fed. R. Civ. P. 26(a)(1) disclosures on or before June 1, 2013.

14. Electronic Information Disclosures:  The parties anticipate some discovery of electronically-stored information, including the discovery of electronic communications, files, and records relating to the above-described matters.  Electronically-stored information will be produced in native format.  At this point, the parties expect to resolve among themselves any issues about electronic discovery that may arise.

15. <u>Stipulation Regarding Claims of Privilege/Protection of Trial Preparation Materials</u>:  The parties agree that in the event a disclosing party inadvertently produces privileged materials, it will immediately notify the requesting party of such disclosure.  After the requesting party is so notified, it will return, sequester, or destroy all information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection as to trial preparation materials is resolved.  The parties further agree that should material protected by the attorney-client privilege and/or the work product doctrine be inadvertently produced during discovery, such material will not constitute a general waiver of privilege.  Finally, the parties agree that they will attempt to resolve disputes regarding the assertion of privilege between themselves.  If they are unable to do so, the parties will file a motion with the Court for *in camera* review and a decision on the issue.

16. <u>Completion of Discovery</u>:  April 1, 2014.

17. <u>Interrogatories</u>:  A maximum of 25 interrogatories by each party to any other party, with responses due 30 days after service unless otherwise agreed.  An interrogatory may be broken into reasonably closely related subparts without counting as more than one.

An interrogatory concerning all documents requested in a set of document requests which were, but are no longer, in the opposing party's possession, custody, or control, which asks for information about the documents' current location, the disposition of the documents, the efforts made to locate the documents and/or the reason for the unavailability of the documents, will count as one interrogatory, and not as one interrogatory for each request for production.  For example, if the opposing party was served with thirty requests for production, an interrogatory concerning the documents not produced pursuant to those requests will count as one interrogatory and not thirty.

18. <u>Requests for Admission</u>:  A maximum of 45 requests for admission by each party to any other party, with responses due 30 days after service unless otherwise agreed.  The same clarification in respect to closely related subparts of an interrogatory above applies to requests for admissions as well.

19. <u>Depositions</u>:  A maximum of 10 depositions by each party.  Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties or by leave of the court on motion.

20. <u>Dates of Disclosure of Experts and Experts' Written Reports and Supplementations</u>:

 Plaintiff:  October 1, 2013 Defendant: November 22, 2013

Supplementations under Rule 26(e) are due February 1, 2014.  The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

21. <u>Challenges to Expert Testimony</u>:  Not later than 45 days prior to trial.

## Other Items

22. <u>Disclosure of Claims Against Unnamed Parties</u>:  The parties do not anticipate any such disclosure or claims.

23. <u>Joinder of Additional Parties</u>:  The parties do not anticipate any such joinder.

24. <u>Third-Party Actions</u>:  None anticipated.

25. <u>Amendment of Pleadings</u>:  July 1, 2013.

26. <u>Dispositive Motions</u>:

 Motion to Dismiss:  July 15, 2013.

 Summary Judgment: March 1, 2014, or earlier subject to any Rule 56(d) objections.

27. <u>Settlement Possibilities</u>: The parties believe it is premature to speculate on the possibility of settlement.

28. <u>Joint Statement Regarding Mediation</u>: Mediation is scheduled for June 18, 2013.

29. <u>Witnesses and Exhibits</u>: No dates necessary; to be set by the Court in connection with its scheduling of the final pretrial conference and the issuance of the trial assignment.

30. <u>Trial Estimate</u>: 3-4 days.

31. <u>Trial Dates</u>: The parties request that trial be scheduled for June 2014, as the Court is available.

32. <u>Preliminary Pretrial Conference</u>: The parties do not request a preliminary pretrial conference with the Court before entry of the Scheduling Order. The Court has scheduled the preliminary pretrial conference for May 17, 2013, at 2:30 P.M.

33. <u>Other matters</u>: Plaintiff filed a motion to remand the case to state court that is pending.

            Respectfully submitted,

            R & N CHECK CORP.

            By Its Attorneys,

            McLANE, GRAF, RAULERSON & MIDDLETON,
             PROFESSIONAL ASSOCIATION

Date: May 13, 2013      By: <u>/s/ Scott H. Harris</u>
            Scott H. Harris, NH Bar No. 6840
            scott.harris@mclane.com
            900 Elm Street, P.O. Box 326
            Manchester, New Hampshire 03105
            Telephone (603) 625-6464

AND

BOTTOMLINE TECHNOLOGIES, INC.
Defendant

By Its Attorneys,

By: /s/ Scott H. Harris for
Robert C. Kirsch (NH Bar # 1377)
John J. Regan, *pro hac vice* (MA BBO # 415120)
Christopher M. Straw, *pro hac vice* (MA BBO #670779)
Wilmer Cutler Pickering Hale And Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000
Email: rob.kirsch@wilmerhale.com
       john.regan@wilmerhale.com
       christopher.straw@wilmerhale.com

**Certificate of Service**

I hereby certify on this 13th day of May 2013, this document was filed through the Electronic Case Filing System of the United States District Court for the District of New Hampshire and will be served electronically by the court to the Registered Participants identified in the Notice of Electronic filing.

/s/ Scott H. Harris
Scott H. Harris