UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

R & N Check Corp.,
      Plaintiff

      v.                                    Case No. 13-cv-118-SM
                                             Opinion No. 2013 DNH 154
Bottomline Technologies, Inc.,
      Defendant

**O R D E R**

R & N Check Corp. filed this suit in the New Hampshire Superior Court, alleging that Bottomline Technologies breached a settlement agreement the parties had reached in earlier litigation. Before it was formally served with the state court writ of summons, Bottomline appeared in state court and removed the suit to federal court. R & N asserts that removal was improper and moves the court to remand the case to state court. For the reasons stated, that motion is granted.

**Background**

In 2005, R & N sued Bottomline, alleging that Bottomline's product known as Legal eXchange infringed a patent held by R & N (the "'128 Patent"). The parties resolved that litigation in January of 2006, and memorialized the terms of their settlement in a "Patent Purchase and Settlement Agreement." The Settlement

Agreement provides that R & N would transfer title to the '128 Patent to Bottomline.  In exchange, Bottomline agreed to pay to R & N, for the duration of the patent's term, a portion of its annual revenue earned each year from the sale of "Covered Products."  Subsequently, Bottomline acquired Allegiant Systems, Inc.  The parties currently dispute whether an Allegiant product (in its various iterations) falls within the scope of the Settlement Agreement's definition of "Covered Products" (and, therefore, whether sales of that product augment - quite substantially - the annual payments that Bottomline is obligated to make to R & N).

The Settlement Agreement defines the phrase "Covered Products" as follows:

> "Covered Product(s)" means (a) the version of BT's product known as Legal eXchange that is commercially available on the Effective Date, and (b) <u>any other product</u> owned or made available for use or license by BT or its Affiliate and <u>designed to permit U.S. users to manage spending on legal services</u> provided by outside U.S. law firms via an electronic data transfer system <u>or any other process</u> that is <u>covered in whole or in part by U.S. Patent No. 6,622,128</u>.

Patent Purchase and Settlement Agreement (document no. 1-1) at Section 1(d) (emphasis supplied).  In short, the parties dispute whether the highlighted language means that "Covered Products" include: (a) essentially any product sold by Bottomline that

allows users to manage spending on legal services via an electronic data transfer; or, more narrowly, (b) only those products that are covered by the '128 patent.

In 2011, R & N sued Bottomline in the New Hampshire Superior Court (Rockingham County), alleging that it had breached the Settlement Agreement.  After filing the writ of summons in state court, R & N's counsel contacted counsel for Bottomline and asked whether he was authorized to accept service on behalf of his client, or whether he wanted R & N to formally serve his client.  Prior to responding (and before his client was formally served), counsel for Bottomline removed the case to this forum, asserting that this court has subject matter jurisdiction on two independent grounds: first, because the parties' settlement agreement resolved a patent dispute, Bottomline invokes the court's jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (original jurisdiction to resolve patent disputes); and, second, because the parties are diverse and the amount in controversy exceeds $75,000, Bottomline says the court may properly exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

---

[1] R & N Check Corp. is a Nevada Corporation, with its principal place of business in Missouri.  Bottomline Technologies is a Delaware Corporation, with its principal place of business in New Hampshire.

**Discussion**

I.   <u>Federal Question / Patent Jurisdiction</u>.

Bottomline says that "[a]lthough R & N asserts a state breach of contract action, its claim necessarily raises patent law issues sufficient to establish jurisdiction under 28 U.S.C. § 1338." Defendant's Memorandum (document no. 10-1) at 7. The court disagrees.

The Supreme Court has established that, in the patent context, the subject matter jurisdiction of federal district courts under 28 U.S.C. § 1338(a) extends:

> only to those cases in which a well-pleaded complaint establishes either that <u>federal patent law creates the cause of action</u> <u>or</u> that the plaintiff's right to relief necessarily <u>depends on resolution of a substantial question of federal patent law</u>, in that patent law is a necessary element of one of the well-pleaded claims.

<u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800, 809 (1988) (emphasis supplied). Neither of those situations are presented in this case. The sole claim in R & N's complaint arises out of New Hampshire's common law, not federal patent law. And, its right to relief does not depend upon the resolution of any question of federal patent law.

This is a straight-forward, common law breach of contract case. Determining which of the two proposed constructions of the

4

parties' Settlement Agreement is correct will not involve interpreting or construing the '128 Patent. Rather, it is simply a matter of interpreting the proper scope and meaning of language used in the Settlement Agreement.

Importantly, R & N does not allege that the Allegiant product infringes the '128 Patent. If it did, the court would necessarily have to construe that patent and subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) would likely exist. But, R & N simply alleges that the scope of the Settlement Agreement is sufficiently broad to obligate Bottomline to make periodic payments on the sale of any products "that permit U.S. users to manage spending on legal services provided by outside U.S. law firms via an electronic data transfer system" – without regard to whether those products infringe the '128 Patent or not. See Plaintiff's memorandum (document no. 9-1) (R & N's "claim is that under the parties' agreement, Bottomline is also obligated to make additional payments based upon products that are not covered by the patent.").

The proper construction of the '128 Patent is not at issue in this case. Nor is it necessary to determine whether the Allegiant product at the center of this dispute infringes the '128 Patent in order to resolve R & N's breach of contract claim.

Consequently, R & N's complaint does not invoke (or otherwise implicate) the court's subject matter jurisdiction under 28 U.S.C. §§ 1338(a) or 1331.

II. <u>Diversity Jurisdiction</u>.

In the alternative, Bottomline asserts that the court has subject matter jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000. <u>See generally</u> 28 U.S.C. § 1332(a). Accordingly, says Bottomline, it properly removed the action pursuant to 28 U.S.C. § 1441.

Importantly, however, Section 1441(b)(2) codifies what is known as the "forum defendant" rule, providing that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title <u>may not be removed</u> if <u>any of the parties</u> in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis supplied).[2]

---

[2] The "forum defendant rule" is not a limitation on the court's subject matter jurisdiction. It is, instead, a "statutory impediment to the exercise of jurisdiction." <u>Hawkins v. Cottrell, Inc.</u>, 785 F. Supp. 2d 1361, 1364 (N.D. Ga. 2011). If a plaintiff fails to raise the issue within 30 days of removal, it is deemed to have been waived. <u>See</u> 29 U.S.C. § 1447(c). Here, plaintiff filed a timely objection to removal.

6

Because Bottomline maintains its principal place of business in New Hampshire, R & N says its removal of this action was improper. In response, Bottomline points out that, when it removed this action from state court, it had not yet been "properly joined and served as [a] defendant." Thus, it argues that removal was entirely consistent with the plain language of Section 1441(b)(2). In other words, Bottomline asserts that despite the general proscription of the "forum defendant rule," until a forum defendant is properly joined and served, it still may remove a state court action based on diversity of citizenship.

Many district courts have wrestled with this difficult question of statutory construction and they have reached conflicting interpretations of section 1441(b)(2). See generally Gentile v. Biogen Idec, Inc., 934 F. Supp. 2d 313 (D. Ma. 2013) (collecting cases). It is not necessary to re-plow that ground; it is sufficient to simply note that the court agrees with the thoughtful and thorough analysis presented by Judge Woodlock in Gentile. Consistent with the holding in Gentile, the court concludes that "the plain language of section 1441(b) requires at least one defendant to have been served before removal can be effected." Id. at 316. See also Hawkins v. Cottrell, Inc., 785 F. Supp. 2d 1361 (N.D. Ga. 2011). As Judge Woodlock observed:

> Precluding removal until at least one defendant has
> been served protects against docket trolls with a quick
> finger on the trigger of removal.  Under the reading I
> have given to section 1441(b) here, plaintiffs
> legitimately seeking to join a forum defendant face the
> modest burden of serving that defendant before any
> others.  If a plaintiff serves a non-forum defendant
> before serving a forum defendant, he has effectively
> chosen to waive an objection to the removal by a nimble
> non-forum defendant who thereafter removes the case
> before service upon a forum defendant named in the
> complaint.  And, even when a forum defendant is served
> first, my reading anticipates a situation in which an
> unserved non-forum defendant may remove following
> service on a forum defendant, in hopes of arguing that
> joinder of the forum defendant was fraudulent.  This
> reading of the statute thus accommodates the clear
> congressional purpose animating section 1441(b) -
> preventing abuse by plaintiffs in forum selection -
> while also closing an unintended loophole incentivizing
> parallel abuse by defendants seeking to escape a state
> forum in which a co-defendant is a citizen, all without
> doing violence to the plain language of the statute.

Gentile, 934 F. Supp. 2d at 322-23 (footnote omitted).

Because Bottomline is the only defendant in this case, and because it had not yet been served when it removed the action to this court, removal was improper.

## Conclusion

For the foregoing reasons, as well as those set forth in both plaintiff's memorandum and Judge Woodlock's opinion in Gentile, the court concludes that this action was improvidently removed from state court.  Plaintiff's motion to remand (document

no. 9) is, therefore, granted and the case is remanded to the New Hampshire Superior Court (Rockingham County).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 15, 2013

cc: Scott H. Harris, Esq.
    John J. Regan, Esq.
    Robert C. Kirsch, Esq.